UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS ALBERT MARTIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3228-WBV-KWR** |
| **BP EXPLORATION & PRODUCTION INC., ET AL.** | **SECTION: D (4)** |

**ORDER AND REASONS**

Before the Court is BP's Motion for Summary Judgment, filed by defendants, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1] Defendants, Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc., have also joined in the Motion.[2] The Motion was noticed for submission on June 14, 2022. Pursuant to Local Rule 7.5, a response was due by June 6, 2022. As of the date of this Order, no opposition has been filed.[3] In addition, plaintiffs, Chris Martin and Jennifer Martin, have not moved for an extension of the submission date or the deadline to file an opposition brief. Hence, the Motion is unopposed.

After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Chris and Jennifer Martin's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc.,

---

[1] R. Doc. 44.
[2] *Id*. at p. 1, n.1. *See,* R. Doc. 44-3 at p. 1, n.1.
[3] The record reflects that 15 attorneys are currently enrolled as counsel of record for Plaintiffs in this matter.

Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Chris Martin's alleged exposure to toxic chemicals following the Deepwater Horizon ("DWH") oil spill that took place on April 20, 2010, and the derivative loss of consortium claim of his wife, Jennifer Martin.[4] On January 11, 2013, while presiding over the multidistrict litigation arising out of the DWH incident, United States District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[5] The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members to sue BP for Later-Manifested Physical Conditions ("LMPC's").[6] The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from … exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPOSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.[7]

After opting out of the MSA, Chris and Jennifer Martin (collectively, "Plaintiffs"), filed a Complaint on April 11, 2017 against BP America, Inc., BP Explorations & Production Inc., BP America Production Company, Inc., BP p.l.c.,

---

[4] R. Doc. 1 at ¶¶ 1, 2, & 257-259.
[5] *See Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
[6] *Id.*
[7] *Id.*

Transocean Ltd, Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, Triton Asset Leasing GMBH, and Halliburton Energy Services, Inc.[8] In the Complaint, Plaintiffs allege that they were exposed to crude oil and chemical dispersants used during the oil spill cleanup "in their environment through recreational activities in the Gulf of Mexico."[9] Plaintiffs further allege that Chris Martin was exposed to fumes from the oil spill and oil spill response activities based upon the proximity of his home to the Gulf of Mexico, including fumes and odors from the oil and dispersants and the burning of oil slicks as a response measure.[10] Plaintiffs allege that, as a result of the defendants' actions, "Plaintiff" has suffered physical injury damages including exposure to chemicals in crude oil, in weathered crude, in dispersants, and in oil and dispersant mixtures that have caused, or will cause, adverse health effects, as well as "costs incurred and inconvenience sustained by obtaining medical treatment for exposure to chemicals in the past and in the future."[11] Plaintiffs also seek injunctive and equitable relief, including that defendants be ordered to provide continued environmental, water supply, food supply, and air monitoring "for Plaintiff," and further assert that, "Plaintiff has suffered emotional distress caused by concern over exposure to chemicals and their physical health effects."[12] The Court notes that in his disclosure form dated April 10, 2017, Chris Martin alleged that his injuries included "stress,

---

[8] R. Doc. 1.
[9] *Id.* at ¶ 111.
[10] *Id.* at ¶¶ 112-114.
[11] *Id.* at ¶ 118.
[12] *Id.* at ¶¶ 120-121.

anxiety, transfusions, depression, loss of balance, chest pains, jaundice, night sweats, [and] dizziness . . . ."[13]

Plaintiffs further assert that they have suffered and will continue to suffer significant economic damages and loss of business due to "the impacts and the stigma caused by the impacts, on the marine environment, fish and shellfish populations, as well as to the Gulf waters from the oil spill disaster and related response efforts."[14] Additionally, Plaintiffs allege that, "the Plaintiff suffered bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition."[15] Plaintiffs also assert a loss of consortium claim against all of the defendants on behalf of Jennifer Martin.[16]

BP filed the instant Motion on May 27, 2022, asserting that it is entitled to summary judgment under Fed. R. Civ. P. 56 because Plaintiffs have provided insufficient admissible evidence to connect Chris Martin's alleged conditions with exposure to oil or dispersants, and Jennifer Martin's claims are entirely derivative of her husband's injuries.[17] Specifically, BP claims that Martin has alleged various health complaints due to the DWH oil spill, but he has not produced any expert testimony in support of those claims.[18] BP points out that while his case was part of

---

[13] R. Doc. 1-2 at p. 3.
[14] R. Doc. 1 at ¶ 132.
[15] *Id.* at ¶ 153.
[16] *Id.* at ¶ 257.
[17] R. Doc. 44 at p. 1.
[18] R. Doc. 44-3 at p. 1.

the MDL, Chris Martin alleged that he suffered from stress, anxiety, transfusions, depression, loss of balance, chest pains, jaundice, night sweats, and dizziness as a result of the oil spill response and cleanup.[19] BP also points out that Plaintiffs failed to provide an expert report by the May 11, 2022 deadline set forth in the Court's Scheduling Order.[20]

BP argues that the Fifth Circuit and at least ten Sections of this Court have issued opinions addressing the obligation of a BELO plaintiff to prove legal causation.[21] According to BP, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[22] BP claims that B3 plaintiffs, like Chris Martin, must satisfy the same legal cause standard as BELO plaintiffs.[23] BP further asserts that, because of the technical nature of the proof, courts have uniformly held that toxic tort plaintiffs must provide expert testimony to meet their burden of proving causation.[24] BP contends that, since the nature of the proof is technical, courts have repeatedly dismissed claims of plaintiffs who alleged injuries from exposure to the DWH spill but failed to provide expert support for their claims.[25] BP argues that, for these reasons, Chris Martin's claims lack the expert support required to carry his burden of proof on causation, which is a foundational element of his claim and his wife's

---

[19] *Id.* at pp. 2-3 (*citing* R. Doc. 4 at p. 3).
[20] R. Doc. 44-3 at p. 3 (*citing* R. Doc. 34 at p. 2).
[21] R. Doc. 44-3 at p. 4 (citing authority).
[22] *Id.* at pp. 4-5 (citations omitted).
[23] *Id.* at p. 5 (citing *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179-CJB-DPC (E.D. La. Feb. 23, 2021) (Barbier, J.).
[24] R. Doc. 44-3 at p. 5 (citing authority).
[25] *Id.* at pp. 5-6 (citing *Williams v. BP Expl. & Prod.*, Civ. A. No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) (Morgan, J.)).

derivative claim.[26]  As such, BP asks this Court to grant its Motion and to dismiss Plaintiffs' claims with prejudice.[27]

As previously mentioned, Plaintiffs did not file a response to BP's Motion for Summary Judgment.[28]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[29]  No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[30]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[31]  While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[32]  The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.[33]  The non-moving

---

[26] R. Doc. 44-3 at p. 6.
[27] *Id.*
[28] The Court notes that Plaintiffs also failed to comply with the Scheduling Order by failing to file a witness list by the June 10, 2022 deadline, or request any extension to do so.  *See*, R. Doc. 34 at p. 2.
[29] FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[30] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).
[31] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).
[32] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[33] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.

party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[34]

If the dispositive issue is one in which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[35] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[36] If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[37] The burden then shifts to the non-moving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[38]

## III. ANALYSIS

As BP highlights,[39] Judge Barbier previously described the BELO and B3 cases

---

[34] *See Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); FED. R. CIV. P. 56(e)).
[35] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.
[36] *Id.* at 1265.
[37] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[38] *Id.* (*quoting* FED. R. CIV. P. 56(e)).
[39] R. Doc. 44-3 at p. 2.

in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects. Both allege personal injuries or wrongful death due to exposure to oil or other chemicals used during the oil spill response. Furthermore, both BELO plaintiffs and B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response.[40]

In a separate matter, this Court recently explained that the Fifth Circuit and at least nine Sections of this Court have uniformly held that, with regard to BELO plaintiffs, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation."[41] The Court finds that because Chris Martin failed to identify a causation expert in this case by the Court's May 11, 2022 deadline[42] and did not move for an extension of that deadline, or for an extension of his deadline to respond to the instant Motion, he cannot meet his burden of proof on causation.[43] Indeed, the record reveals

---

[40] *In Re Oil Spill by the Oil Rig "Deepwater Horizon*," Civ. A. No. 10-02179, R. Doc. 26924, at p. 1 (E.D. La. Feb. 23, 2021) (Barbier, J.).

[41] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272-WBV-JVM, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (*quoting* R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021) (Feldman, J.)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020).

[42] R. Doc. 34 at p. 2.

[43] The Court is aware of recent orders issued by other Sections of this Court which address the requirement of expert testimony to establish specific causation. *See, Stephens v. BP Explor. & Prod. Inc.*, Civ. A. No. 17-4294, 2022 WL 1642136 (E.D. La. May 24, 2022) (Barbier, J.); *Turner v. BP Expl. & Prod. Inc.*, Civ. A. No. 17-4210, 2022 WL 1642142 (E.D. La. May 24, 2022) (Barbier, J.); *Wallace on behalf of Wallace v. BP Expl. & Prod. Inc.*, Civ. A. No. 13-1039, 2022 WL 1642166 (E.D. La. May 24, 2022) (Barbier, J.). A reading of these orders does not change this Court's analysis or conclusion. Indeed, those cases confirm the Fifth Circuit's two-step approach in examining the admissibility of causation evidence in toxic tort cases, specifying that, "First the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence." *Stephens*, Civ. A. No. 17-4294, 2022 WL 1642136 at *2 (quoting *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)) (internal quotation marks omitted); *Turner*, Civ. A. No. 17-4210, 2022 WL 1642142 at *2 (quoting *Kirby*, *supra*); *Wallace*, Civ. A. No. 13-1039, 2022 WL 1642166 at *2 (quoting *Kirby*, *supra*). Those orders then address issues regarding specific causation in light of the particular facts presented in those cases. This Court does not, at this stage, address specific causation since Plaintiffs have failed to produce any evidence whatsoever as to general causation.

no admissible evidence whatsoever to support general causation. Additionally, both the Fifth Circuit and the Louisiana Supreme Court have made clear that derivative loss of consortium claims cannot be maintained independently of the original claim.[44] Because Chris Martin cannot meet his burden of proof on causation, the Court likewise finds that Jennifer Martin cannot meet her burden of proving causation regarding her derivative claim for loss of consortium. Accordingly, BP is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment[45] is **GRANTED**, and Chris and Jennifer Martin's claims against BP Exploration & Production Inc., BP America Production Company, BP p.l.c., and Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 27, 2022.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[44] *Applewhite v. Dep't of Veterans Affairs*, 364 Fed.Appx. 97, 100-01 (5th Cir. 2010); *Ferrell v. Fireman's Fund. Ins. Co.*, 96-3028 (La. 7/1/97), 696 So.2d 569, 574.
[45] R. Doc. 44.